## JEREMIAH O'DONNELL
### V.
## THE PEOPLE OF THE STATE OF ILLINOIS.

*Criminal Law—Conspiracy—Packing of Jury.*

This court declines to interfere with a verdict finding the defendant in the case presented, guilty of conspiracy to pack a jury favorable to the defendants, on the trial of a cause named.

[Opinion filed June 2, 1891.]

IN ERROR to the Criminal Court of Cook County; the Hon. ABBA N. WATERMAN, Judge, presiding.

Messrs. JOHN C. KING and JOHN W. BYAM, for plaintiff in error.

Mr. J. M. LONGENECKER, State's Attorney, for defendants in error.

GARY, J.   The plaintiff in error was convicted at the April

term, 1890, of the Criminal Court of Cook County, of conspiracy to "pack" a jury favorable to the defendants, on a trial before then had in the same court upon the charge of the murder of Dr. Cronin.

The evidence against the plaintiff in error consisted partly of his own statement, contained in a shorthand report of what he said in reply to questions by the state's attorney and his assistants. This report was put in evidence by his own attorneys, after, on the part of the people, a large part of the same matter had gone in on the cross-examination of the plaintiff in error.

There was a great deal of evidence as to the part other defendants took in the same alleged conspiracy.

From this report it appeared that he had a conversation with another defendant (indicted with him, but not convicted) in regard to the Dr. Cronin trial, in which that other defendant said that the lives of the men then on trial were in danger; that he would like to see them get out of it; that probably if there was some friendly juror, they would not have to hang; to see one Hoagland in regard to the defense; to tell him he should be very careful as to how he should answer questions for the defense, and not to convict on circumstantial evidence.

He acknowledged that he talked with Hoagland about going upon the jury; told him to be very careful what he should say in the court room, and that later on he would give him further instructions, but never did.

That several of the defendants, in different directions, were endeavoring to "pack" that jury, is conclusively proved. Hoagland testified that O'Donnell told him that he, Hoagland, would be summoned on that jury to "do a square thing by the boys, and try and get them off as easy as you can," and "there would be $1,000 or more for you in the case." After a verdict for the people, the plaintiff in error moved for a new trial, assigning twenty-five reasons, and on this record assigns fifty-four alleged errors.

It is impossible, within any reasonable compass, to review the case at length. His own confession convicts him of an effort to get a friendly juror upon the panel.

Hoagland's testimony goes much farther. That efforts of the same character, and with the same object, were at the same time being made by others, is part of the case against him.

"If it be proved that the defendants pursued, by their acts, the same object, often by the same means, one performing one part, and another another part of the same, so as to complete it, with a view to the attainment of the same object, the jury will be justified in the conclusion that they were engaged in a conspiracy to effect that object;" quoted by the Supreme Court from 3 Greenleaf on Ev., Sec. 92, in Ochs v. People, 124 Ill. 399. The character of the crime of packing juries, and the difficulty in punishing it, are forcibly described in the opinion of my brother Moran, in Welch v. People, 30 Ill. App. 399.

To avoid unjustifiable prolixity, we must content ourselves by following the example of the Supreme Court in Smith v. People, 25 Ill. 9, a case of conspiracy, and say that we have carefully examined this record and find no error committed by the court.

The verdict of the jury is warranted by the evidence, and the judgment is affirmed.

*Judgment affirmed.*

Judge WATERMAN presided in the Criminal Court on the trial of this case, and takes no part in it here.